NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 17 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VICTOR ALEXANDER LOPEZ-MARTINEZ, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No.   20-71579 <br><br> Agency No. A205-319-067 <br><br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 15, 2023[**]
Pasadena, California

Before:  WALLACE, HURWITZ, and BADE, Circuit Judges.

Victor Alexander Lopez-Martinez, a native and citizen of Honduras, seeks

review of a decision of the Board of Immigration Appeals ("BIA") denying his third

motion to reopen as time- and number-barred.  We have jurisdiction under 8 U.S.C.

---

        [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        [**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1252. Reviewing for abuse of discretion, we deny the petition. *See Perez-Camacho v. Garland*, 54 F.4th 597, 603 (9th Cir. 2022).

The BIA ordered Lopez removed in 2014, holding that Lopez was ineligible for cancellation of removal because of a disqualifying domestic violence conviction. A noncitizen may file one motion to reopen removal proceedings within ninety days of the date of entry of a final administrative order. 8 U.S.C. § 1229a(c)(7)(A), (C). However, failure to comply with the time and number requirements can be excused if a noncitizen could not previously obtain vital information bearing on the existence of his claim despite due diligence or because of circumstances beyond his control. *See Perez-Camacho*, 54 F.4th at 606. Lopez claims that his third motion to reopen, filed in 2020, should be excused from the time and number limitations because he recently discovered that he had pleaded guilty to a non-disqualifying simple battery charge, not a domestic violence charge.

The BIA did not abuse its discretion in treating the third motion to reopen as time- and number-barred.[1] Lopez "presented neither argument nor evidence explaining why" he was unable to timely obtain the information about his conviction. *Lara-Garcia v. Garland*, 49 F.4th 1271, 1277 (9th Cir. 2022). The state-court documents submitted in support of Lopez's argument were filed in June 2012 and were publicly available. And, Lopez "alleged no facts . . . suggesting a diligent

---

[1]     Lopez does not seek review of the BIA's decision not to reopen sua sponte.

pursuit of [his] rights in the intervening years . . . ; nor has [he] shown that some extraordinary circumstance stood in [his] way and prevented timely filing." *Lona v. Barr*, 958 F.3d 1225, 1232 (9th Cir. 2020) (cleaned up) (in the analogous context of a motion to reconsider). The BIA's denial of equitable tolling was therefore not "arbitrary, irrational, or contrary to law." *Id.* (cleaned up). Because the BIA did not abuse its discretion in declining equitable tolling, we need not consider the BIA's alternative denial of the motion on the merits.[2]

**PETITION FOR REVIEW DENIED.**

---

[2] The motion for a stay of removal is denied. The temporary stay of removal is terminated.